UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SCOTTSDALE INSURANCE COMPANY**<br>*Plaintiff,*<br><br>VS.<br><br>**NATIONAL COMMERCIAL LABOR, LLC**<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. _____<br>§<br>§<br>§<br>§<br>§ |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Scottsdale Insurance Company ("Scottsdale") files this Original Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201(a) and Rules 57 and 15 of the Federal Rules of Civil Procedure and seeks a declaratory judgment that it is not obligated to defend or indemnify National Commercial Labor, LLC ("NCL") as outlined below:

### INTRODUCTION

1. Scottsdale seeks a judicial determination that it owes no duty to defend or to indemnify NCL against claims raised in the lawsuit styled *Lorentz Bruun Co., Inc. v. Holtzlander Roofing Services, LLC, let al,* Cause No. 23CV23433, in the Circuit Court of the State of Oregon for the County of Clackamas ("Underlying Lawsuit").

### PARTIES

2. At all pertinent times, Scottsdale was and is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Arizona.

3. At all pertinent times, NCL was and is a Texas Limited Liability Company registered in the state of Texas, and may be served at 801 Cherry Street, Suite 2301, Fort Worth, TX 76102-6803. Upon information and belief, the citizenship of the members of NCL are as

1

follows: (1) President Angela Davila Hernandez is a resident of Texas with a mailing address of 4614 Old Blue Circle, Fort Worth, TX; (2) Partner Luis Roberto Martinez Davila is a resident of Texas with a mailing address of 4614 Old Blue Circle, Fort Worth, TX; and (3) Partner Daisy Gonzalez is a resident of Texas with a mailing address of 612 Circle Drive, Arlington, TX.

## JURISDICTION AND VENUE

4.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.

5.  Venue is proper in the United States District Court, Northern District of Texas, Fort Worth division pursuant to 28 U.S.C. §1391 because the policy in dispute was issued in this district, NCL is located in this district, and all parties are subject to the jurisdiction of this Court.

## FACTUAL BACKGROUND

6.  On June 12, 2023, Lorentz Bruun Co. ("Lorentz") filed suit against Holtzlander Roofing Company ("Holtzlander") in the Circuit Court for the State of Oregon for the County of Clackamas, styled *Lorentz Bruun Co., Inc. v. Holtzlander Roofing Services, LLC, let al*, Cause No. 23CV23433. A true and correct copy of Lorentz's Original Complaint is attached as Exhibit "A."

7.  Lorentz alleged that it had previously entered into a contract with Holtzlander under which Holtzlander was hired to perform roofing work on a project located at 668 McVey Avenue in Lake Oswego, Oregon. Ex. A at ¶ 1-2. Upon information and belief, the property (hereafter the "Villas") is called the Villas at Oswego and is a multi-building residential condominium complex.

8.  Individual Villas owners later alerted Lorentz to various construction defects and damage to their condominiums, which prompted Lorentz to file suit against Holtzlander. *Id.* at ¶ 3-4.

2

9. In turn, Holtzlander filed a Third-Party Complaint against NCL, alleging that it entered into a subcontract with NCL to remove and replace roofing systems on five buildings in the Villas, with this work occurring in Oregon. A true and correct copy of the Third-Party Complaint is attached as Exhibit "B."

10. Holtzlander alleged that after it learned of the alleged construction defects from NCL's work, it learned that NCL was allegedly not licensed with the Oregon Construction Contractor's Board and was not authorized to perform construction activity on real property in Oregon. Ex. B at ¶ 9.

11. Holtzlander alleges that it was allegedly forced to perform some of the work NCL had agreed to perform in its subcontract, with Holtzlander allegedly incurring substantial costs for materials and labor NCL was contractually obligated to provide. *Id.* at ¶ 10.

12. Holtzlander further alleges that while it denies Lorentz's allegations against it in the Original Complaint, in the event Holtzlander is found liable to Lorentz, NCL should be responsible for both the defective work and any resultant damages described in both the Original Complaint and Third-Party Complaint. *Id.* at ¶ 11.

13. Holtzlander's Third-Party Complaint includes the following causes of action against NCL: (1) breach of contract; (2) failure to defend and indemnify (based on NCL's contractual agreement to defend and indemnify Holtzlander); (3) failure to name Holtzlander an additional insured; (4) negligence/contribution; and (5) negligent misrepresentation. *Id.* at ¶ 12-49.

14. Holtzlander seeks compensatory damages and attorney's fees from NCL. *Id.* at ¶ 50.

15. By letter dated October 11, 2023, Scottsdale advised NCL that it would defend

NCL in the Underlying Lawsuit, subject to a reservation of rights, a true and correct copy of which is attached hereto as Exhibit "C". The reservation of rights letter included a statement that Scottsdale reserved the right to seek reimbursement of defense costs in the event it was determined that no defense was owed.

## THE POLICY

16. Scottsdale issued Policy No. RBS0081354 ("Policy") to NCL for the period March 8, 2022 to October 20, 2022, a true and correct copy of which is attached as Exhibit "D."

17. The Policy includes Commercial General Liability ("CGL") Coverage with limits of $1 million each occurrence / $2 million general aggregate, in accordance with the terms, exclusions, limitations, definitions, and conditions stated in the Policy. Ex. D, p. 8.

18. The Insuring Agreement of Coverage A provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Id.* at p. 24.

19. The Policy further requires the "bodily injury" or "property damage" to occur during the policy period, i.e. March 8, 2022 to October 20, 2022. *Id.* Upon information and belief, NCL did not enter into its subcontract with Holtzlander until September 2022, close to the end of the policy period.

20. The Policy is subject to a Combined Policy Exclusions endorsement (form SDS-34 (9-20)), which provides as follows:

> . COVERAGE TERRITORY
>
> a. Our obligation to provide defense and indemnity for any "property damage," "bodily injury," "personal and advertising injury," medical benefits or any benefits under this policy that does not first take place in the "coverage territory" is excluded.
>
> b. SECTION V—DEFINITIONS, subsection 4. in the COMMERCIAL GENERAL LIABILITY COVERAGE

> FORM and subsection 3. in the PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM is deleted in its entirety and replaced with the following language:
>
> "Coverage territory" means:
>
> (1) The United States of America excluding its territories and possessions, international waters, Puerto Rico and Canada, and other countries, New York and Colorado, and limited to states of the United States described in paragraph (2) below;
>
> (2) "Coverage territory" includes only those states of the United States either listed on the Declaration page and identified as the state of United States in which you operate, or a state you disclosed in the application in which you operate. If you desire to operate in another state of the United States (other than Colorado or New York) that has not been previously disclosed on the Declaration page nor your application, you must obtain authority through your broker from the company underwriter. All other states not so described or disclosed and approved are excluded as a "coverage territory."

*Id.* at p. 56-57.

21. As relevant to the Coverage Territory provision cited immediately above, the Policy Declarations list Texas as the state in which NCL is located. *Id.* at p. 8. Moreover, NCL's application for the Policy (a true and correct copy of which is attached as Exhibit "E") disclosed Texas as the only state in which it does business, with NCL further answering "No" to the question of "Do you work in multiple states? Ex. E at p. 8. Of note, the application provides that, "this application will be incorporated into and form a part of [the] Policy," with a representative from NCL affirming this statement by initialing it immediately below. *Id.* at p. 13.

22. The Policy's Combined Policy Exclusions endorsement also contains the following exclusion:

> 29. UNLICENSED CONTRACTOR

> Any claim or "suit" arising out of work performed by any insured or individual acting on an insured's behalf is an unlicensed person or entity if the jurisdiction in which the work was performed requires the person to be licensed and the license complies with the activity performed.

Ex. D. at p. 60.

23. As noted above, Holtzlander alleges in the Third-Party Complaint that NCL did not have a license to perform work in Oregon.

24. The Policy is further subject to the following Basic Townhome and Condominium Exclusion (form SDS-66 (9-20)), which provides as follows:

> BASIC CONDOMINIUM AND TOWNHOUSE EXCLUSION
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> The following exclusion is added to SECTION I—COVERAGES, COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY, paragraph 2. Exclusions and SECTION I—COVERAGES, COVERAGE B—PERSONAL AND ADVERTISING INJURY LIABILITY, paragraph 2. Exclusions:
>
> Condominium And Townhouse
>
> 1. Claim or "suit" arising out of, related to or in any way connected with any original construction, reconstruction, rebuilding, remodeling, restoration, renovation, repair, reroofing, upgrading, improvement, refurbishing or development of any condominium or townhouse.
>
> 2. This exclusion applies to any building or structure that has been converted, is undergoing conversion or that is converted at any future time into a condominium or townhouse regardless of whether the work or product of any insured was performed, incorporated or supplied before, during or after the conversion.
>
> 3. This exclusion applies equally to any stand-alone condominium or townhouse projects or to any Planned Unit Development (PUD) or similar mixed-use projects that contain any residential condominiums or townhouses.
>
> 4. This exclusion does not apply to "your work" for, or "your product" supplied within the interior space of an individual unit within a condominium or townhouse development or converted project pursuant to a written contract even if the written contract was negotiated through the owner association providing that "your work" or "your product" was:

6

      a.    Performed or supplied after the original construction or conversion was completed and the premises had been occupied; and

      b.    Not related to, in connection with or involving the repair, renovation or replacement of "your work" or "your product" that was performed or supplied prior to the insurance of a certificate of occupancy.

*Id.* at p. 88.

25.    Here, the Villas are a condominium development, and NCL was not performing work on interior spaces of individual units within the Villas after the original construction or conversion was completed.

## FIRST REQUEST FOR RELIEF - DECLARATORY JUDGMENT

26.    Scottsdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

27.    There is an actual, present, and existing controversy between Scottsdale and NCL regarding the applicable coverage under the Policy in connection with the claims presented in the Underlying Lawsuit.

28.    Based upon the facts alleged in the Underlying Lawsuit, Scottsdale has no duty to defend NCL, because:

(a) It is alleged in the Underlying Lawsuit that NCL was performing work in Oregon (outside of Texas), triggering the Coverage Territory provision in the Policy;

(b) It is alleged that NCL was performing work without a license, triggering the Unlicensed Contractor Exclusion; and

(c) The Underlying Lawsuit concerns damage to a condominium development, triggering the Basic Condominium and Townhome Exclusion (and the exception to the exclusion would not apply).

29.    Relatedly, because Scottsdale reserved the right to seek reimbursement of defense costs in the event it was determined Scottsdale did not have a duty to defend, Scottsdale has the right to seek reimbursement of defense costs it incurred to defend this non-covered claim.

30. Based upon any facts that can be adduced or determined in the Underlying Lawsuit, Scottsdale also has no duty to indemnify NCL because the terms and exclusions cited in paragraph 28 above also eliminate a duty to indemnify.

31. In addition to the foregoing provisions, Scottsdale pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which also may be found to be applicable as Scottsdale's investigation of this matter continues, and it reserves the right to amend its Complaint for Declaratory Judgment.

WHEREFORE, Scottsdale Insurance Company respectfully prays:

a. That Defendants be cited to answer and appear;

b. That Plaintiff Scottsdale has no obligation under the Policy to defend NCL in the Underlying Lawsuit;

c. That Plaintiff Scottsdale has no obligation under the Policy to indemnify NCL against the claims asserted the Underlying Lawsuit;

d. That Plaintiff Scottsdale is entitled to seek reimbursement of defense costs it incurred to defend NCL in the Underlying Lawsuit; and

e. That this Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Sara E. Nau*_____
Sara E. Nau
TBN: 24083551
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
Email: sara.nau@phelps.com

**ATTORNEY FOR PLAINTIFF,
SCOTTSDALE INSURANCE COMPANY**

AND

Kasi Schuelke
TBN: 24098915
PHELPS DUNBAR, LLP
2102 E. State Highway 114, Suite 207
Southlake, TX 76092
Telephone: (817) 305-0326
Email: kasi.schuelke@phelps.com

**LOCAL COUNSEL FOR PLAINTIFF,
SCOTTSDALE INSURANCE COMPANY**